## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,            Criminal No. 13-305(3) JNE/JJK

    Plaintiff,

v.                              **REPORT AND RECOMMENDATION**

MATTHEW DAVID BIRT,

    Defendant.

    Joseph H. Thompson, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

    Lee R. Johnson, Esq., for the defendant, Matthew David Birt.

This matter is before the Court, Magistrate Judge Jeffrey J. Keyes, U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101, on Defendant Matthew David Birt's motion for severance of defendants. The Court issued an Order on Motions dated July 24, 2014, reserving defendant's motion for severance of defendants for submission to the District Court on Report and Recommendation.

Based upon the file and documents contained therein, along with the motions and memorandums of counsel, the Magistrate Judge makes the following:

**FINDINGS AND CONCLUSIONS**

**Severance.**  Defendant Matthew David Birt has filed a motion for severance requesting that he receive a separate trial from his co-defendants.[1] (Doc. No. 80.)  In his motion Mr. Birt generally asserts jury difficulty in distinguishing the alleged acts of each defendant, possible introduction of evidence that would be inadmissible against certain defendants in a separate trial, improper joinder, and violation of his right not to incriminate himself.  The government opposes the motion, asserting proper joinder under Fed. R. Crim. P. 8(b), and the ability to redact statements out-of-court statements that might cause evidentiary issues.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses.  Fed. R. Crim. P. 8(b).  "There is a preference in the federal system for joint trials of defendants who are indicted together . . . [because] they promote efficiency and serve the interests of justice by avoiding the scandal and inequality of inconsistent verdicts."  *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotation marks and citations omitted).  Persons charged with conspiracy should generally be tried together, and it will rarely be improper to join co-conspirators in a single trial.  *United States v. Kindle*,

---

[1] A motion for severance of defendants by co-defendant Patrick Henry Adams was previously been denied by Order dated June 17, 2014 (Doc. No. 63) (adopting the Magistrate Judge's Report and Recommendation (Doc. No. 54)).

925 F.2d 272, 277 (8th Cir. 1991); *United States v. Stephenson*, 924 F.2d 753, 761 (8th Cir. 1991), *cert. denied*, 502 U.S. 813 (1991).

Here, Defendants Patrick Henry Adams, Joel John Virtue, and Matthew David Birt have been indicted for conspiracy to commit bank fraud and aiding and abetting bank fraud. (Doc. No. 1.) Under these circumstances, the general rule in the federal system is that the co-conspirators should be tried together. *See* Fed. R. Crim. P. 8(b).

The Defendants in this case were properly joined under Rule 8 and there is no requirement for severance based upon misjoinder. Rule 14 severance is a remedy for prejudice that may develop during trial, and the decision on a Rule 14 motion for severance lies within the sound discretion of the trial court. *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994). The record in this matter offers no compelling indication as to how any defendant is prejudiced by joinder with the another defendant in this case, particularly to the extent necessary to overcome the preference for joinder of defendants in conspiracy cases. Specifically, it is not patently apparent that a jury would be unable to distinguish and apply the evidence relating to one defendant from evidence relating to another defendant, and there has not been a persuasive particularized showing that a joined trial will prevent introduction of exculpatory evidence or will allow introduction of otherwise inadmissible evidence with respect to any defendant. A defendant is not entitled to severance "simply because evidence

may be admissible as to [a co-defendant] but not as to him." *United States v. Helmel*, 769 F.2d 1306, 1322 (8th Cir. 1985).  The values of justice and efficiency gained by joint trials cannot be overcome without a more exacting showing by Defendant Birt.

The court further concludes that with the assistance of instructions from the trial court the jury will be fully able to distinguish the acts of each defendant from the acts of the other defendants so as to avoid prejudice to any of them.  Severance is a remedy that can be provided at the time of trial if appropriate under the circumstances.  At present, there has been no showing to support a recommendation for severance of defendants.

Based upon the foregoing Findings and Conclusions of Law, the Magistrate Judge makes the following:

## RECOMMENDATION

It is **Hereby Recommended** that Defendant Matthew David Birt's Motion to Sever Defendants be **denied**  (Doc. No. 80).

Dated:     July 25, 2014

   s/Jeffrey J. Keyes
Jeffrey J. Keyes
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 11, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.